IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| VIJAYKUMAR PATEL, <br><br> Plaintiff, <br><br> v. <br><br> DIRECTOR OF UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, <br><br> Defendant. | 8:25CV232 <br><br> MEMORANDUM AND ORDER |

 Plaintiff Vijaykumar Patel ("Patel") is an Indian national who has resided in the United States for over a decade. On November 28, 2023, Patel was a victim of an armed robbery in Knoxville, Tennessee. On November 11, 2024, he filed an I-918 Petition for U Nonimmigrant Status and a Form I-765 Application for Employment Authorization ("Form I-765") with United States Citizenship and Immigration Services ("USCIS"). *See Caballero-Martinez v. Barr*, 920 F.3d 543, 545 (8th Cir. 2019) (explaining a U visa "is a type of non-immigrant visa available to crime victims who assist law enforcement"); 8 U.S.C. §§ 1101(a)(15)(U)(i), 1184(p). He also submitted I-918A Petitions for Qualifying Family Member on behalf of his relatives, Vaishaliben Patel and O.P., who then filed their own Forms I-765.

 He filed this *pro se* complaint (Filing No. 1) a few months later claiming the USCIS has yet to adjudicate those requests in any way. In particular, he complains the USCIS has failed to issue bona fide determinations and employment authorization documents that would allow him and his relatives to work while their U-visa applications are pending. *See* 8 U.S.C. § 1184(p)(6) (stating the Secretary of Homeland Security "may grant work authorization to any alien who has a pending, bona fide application for nonimmigrant status under section 1101(a)(15)(U) of this title"). Patel asserts that delay violates the Administrative Procedure Act ("APA"), 5 U.S.C. § 551 *et seq.*, and asks the

Court to order the USCIS to "to make *bona fide* determinations and decisions on the pending work authorization applications within 14 days." *See Telecomms. Rsch. and Action Ctr. v. FCC*, 750 F.2d 70, 79-80 (D.C. Cir. 1984) (explaining when unreasonable delay of agency action warrants mandamus relief).

Now before the Court is the USCIS Director's (the "Director") Motion to Dismiss (Filing No. 6) Patel's complaint for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). For the reasons explained in *Patel v. Director, USCIS*, No. 8:25CV59, 2025 WL 1655294, at *3-*4 (D. Neb. June 11, 2025), the Court agrees with the Director that 8 U.S.C. § 1252(a)(2)(B)(ii) bars judicial review of Patel's claim. Because the Court lacks jurisdiction over this matter,

IT IS ORDERED:

1. The Director of United States Citizenship and Immigration Services's Motion to Dismiss (Filing No. 6) pursuant to Federal Rule of Civil Procedure 12(b)(1) is granted.
2. Plaintiff Vijaykumar Patel's complaint (Filing No. 1) is dismissed without prejudice.
3. A separate judgment will issue.

Dated this 8th day of July 2025.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge